# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KAYLYNN TORRES ROSADO,
o/b/o K.A.T.,

    Plaintiff,

v.                                    CASE NO. 8:17-cv-3037-T-TGW

ANDREW SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____/

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments on behalf of her son.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence, and does not contain reversible error, the decision will be affirmed.

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019, and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 23).

I.

K.A.T. was born on September 27, 2008 (Tr. 17). He was eight years old and considered a school age child at the time of the administrative decision (id.). On August 9, 2013, the plaintiff, who is the child's mother, filed an application for supplemental security income on behalf of the child (Tr. 14). She alleges her son is disabled due to clubfoot, asthma, and speech problems (see Doc. 25, p. 1–3). The claim was denied initially and upon reconsideration.

The child's mother, at her request, then received a de novo hearing before an administrative law judge (see Tr. 41–94). The law judge found that the child had the following severe impairments: clubfoot, asthma, and speech and language disorder (Tr. 17). The law judge concluded that the child "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" (id.). The law judge also found that the child "does not have an impairment or combination of impairments that functionally equals the severity of the listings" (Tr. 18).

With regard to functional equivalency, the law judge considered the six domains of functioning. The law judge found the child had no limitation in three domains: acquiring and using information, attending and

completing tasks, and interacting and relating with others (Tr. 24–27). Further, the law judge found the child had less than a marked limitation in three domains: moving about and manipulating objects, caring for himself, and health and physical well-being (Tr. 28–30). The law judge, therefore, determined that the child was not disabled (Tr. 31).

The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner (Tr. 1).

II.

In 1996, the Social Security Act was amended with respect to eligibility for children's disability benefits. As amended, the Act now provides (42 U.S.C. 1382c(a)(3)(C)(i)):

> An individual under the age of 18 shall be considered disabled ... if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

The Commissioner subsequently issued regulations explaining how this provision would be implemented in determining whether a child is disabled. See 20 C.F.R. 416.924.

Similar to the approach taken with adults, the Commissioner assesses child disability claims under a sequential analysis. 20 C.F.R.

3

416.924(a). The first step is to determine whether the child is engaged in substantial gainful activity. 20 C.F.R. 416.924(b). If not, the second step asks whether the child has a severe impairment. 20 C.F.R. 416.924(c). If the child does not, he is considered not disabled. Id. If there is a severe impairment, the third and final step in the analysis is to determine whether the child has an impairment that meets, medically equals, or functionally equals, a set of criteria in the Listing of Impairments in Appendix 1. 20 C.F.R. 416.924(d). If the child does, then he is deemed disabled. 20 C.F.R. 416.924(d)(1). If the child does not, then he will be found not disabled. 20 C.F.R. 416.924(d)(2).

To determine functional equivalence, a child's limitations in the following six domains of functioning are evaluated: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself, and (6) health and physical well-being. 20 C.F.R. 416.926a(b)(1). An impairment functionally equals a listed impairment if the plaintiff shows the child has an extreme limitation in one, or a marked limitation in two, of the six domains. 20 C.F.R. 416.926a(a). A marked limitation is one that interferes seriously with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. 416.926a(e)(2)(i). A marked limitation is

more than moderate, but less than extreme. Id. An extreme limitation—the rating given to the worst limitations—is one that interferes very seriously with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. 416.926a(e)(3)(i).

As with claims by adults, the Commissioner's determination that a child is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported

by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the child is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and the legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff is proceeding in this case pro se. Importantly, after the plaintiff requested a hearing in this case before a law judge, she was provided information (in both English and Spanish) about obtaining a representative (see Tr. 148–62), along with a list of organizations that could help her obtain representation or would assist her for free (see Tr. 139–41). At the initial hearing, the law judge discussed at length with the plaintiff the benefits of having an attorney (Tr. 83–85, 88–93). He stated, "I can't recommend one path or another but a lot of people believe it's important to have a representative" (Tr. 92). Accordingly, the law judge granted the plaintiff a continuance so that she could obtain a representative (Tr. 93–94).

Nevertheless, at the rescheduled hearing the plaintiff did not have an attorney or other representative. She said that she contacted some representatives but, for reasons that are not clear, she decided to proceed without one (Tr. 44–45). As a consequence, no meaningful argument has been presented to overturn the law judge's decision.

In order to establish a child's disability based on clubfoot, asthma, and speech and language disorder, the plaintiff must show that the child met or equaled a listing in the corresponding sections of the Listing of Impairments. See 20 C.F.R. Part 404, Subpart P, App. 1, Listing 101.02 (major dysfunction of a joint(s) (due to any cause)); Listing 103.03 (asthma); Listing 112.10 (autism spectrum disorder). Alternatively, the plaintiff could demonstrate disability by showing functional equivalence to a listing. Functional equivalence is found if the child has a marked limitation in two of the six domains of functioning, or an extreme limitation in one of the domains. Here, the law judge considered both avenues to disability and concluded that the child did not satisfy either one.

Thus, the law judge broadly evaluated whether the plaintiff met or medically equaled a listing (Tr. 17–20). Although the law judge found that the child had severe impairments of clubfoot, asthma, and speech and language disorder, he specifically found that the child did not meet or

medically equal a listing in 101.02, 103.03, or 112.10 (Tr. 17).

The law judge also considered in detail whether the child had marked or extreme limitations in the six domains of functioning (Tr. 23–30). The law judge found that the child had no limitations in three of the six domains, and less than marked limitations in the domains of moving about and manipulating objects, caring for himself, and health and physical well-being (Tr. 28–30). Accordingly, the law judge found that the child did not functionally equal a listing (Tr. 31).

The plaintiff does not challenge the law judge's findings that the child does not meet or medically equal the listings in 101.02, 103.03, or 112.10, or his finding that the child does not functionally equal a listing. As the Commissioner correctly argues (Doc. 26, p. 6), in light of the directives in the Scheduling Order and Memorandum Requirements, any such challenges are forfeited (see Doc. 22, p. 2). That Order stated that the plaintiff must "identify with particularity the discrete grounds upon which the administrative decision is being challenged" and "any such discrete challenges must be supported by citations to the record of the pertinent facts and by citations of the governing legal standards" (id.).

The plaintiff does not develop any arguments attacking the law judge's findings regarding listings 101.02, 103.03, and 112.10 and functional

equivalence. The only impairment the plaintiff even discusses is K.A.T.'s clubfoot. See Doc. 25, p. 2. The plaintiff lists some of the requirements of listing 101.02, such as "gross anatomical deformity" and "bony and fibrous ankylosis," and asserts that her son continues to suffer from these impairments (id.). However, the plaintiff does not cite to the administrative record and does not even address the other requirements of listing 101.02, as required by the Scheduling Order and Memorandum Requirements (see Doc. 22, p. 2). Accordingly, any challenges to the law judge's findings are forfeited (id.).

It is appropriate to add, however, that although the challenges were forfeited, the entire record was reviewed. That review indicated that any challenge to the law judge's findings would obviously fail. Regarding the plaintiff's challenge to the finding that K.A.T.'s clubfoot did not meet or medically equal listing 101.02, there is ample evidence in the record to support the law judge's finding.

The Eleventh Circuit has stated that "[t]o 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002). To show that an impairment matches a listing,

the claimant's impairment "must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990).

For the claimant to successfully show that K.A.T.'s impairment matches listing 101.02, K.A.T.'s clubfoot would need to be

> [c]haracterized by gross anatomical deformity ... and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or anklylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 101.00B2b.

See 20 C.F.R. Part 404, Subpart P, App. 1, § 101.02. The law judge found that "the evidence of record shows that the claimant is able to ambulate without any assistive device" (Tr. 17). Medical evidence in the record shows that K.A.T. ambulates normally. Meagan D. Fernandez, D.O., noted that K.A.T.'s "[g]ait exam shows good balance and coordination" (Tr. 387). Scott Beck, M.D., noted that K.A.T. "has no activity restrictions" (Tr. 464). Further, consultative examiner Charles Lebowitz, M.D., noted that K.A.T. "is able to walk and run in the office without any abnormalities" (Tr. 435). Accordingly, there is substantial evidence to support the law judge's finding

that K.A.T. could ambulate normally, thus his clubfoot did not meet listing 101.02.

There is also substantial evidence to support the law judge's finding that K.A.T.'s clubfoot did not functionally equal the severity of listing 101.02. The law judge evaluated the six broad functional areas. He thoroughly discussed the evidence relevant to each domain, including hearing testimony, Function Reports, Teachers Questionnaires, medical evidence from consultative examiners, and other evidence (see Tr. 18–30). The law judge explained the weight that he afforded each piece of evidence (id.). Considering all the evidence, the law judge did not find that K.A.T. had an impairment or combination of impairments resulting in a "marked" limitation in two domains or an "extreme" limitation in one domain.

In light of the weakness of record evidence supporting arguments that the child met, equaled, or functionally equaled any of the listed impairments, the plaintiff simply complains that the "SSA denied knowing minor has a permanent deformity, pain, limitations, and other conditions, like asthma, speech problems, and ignore[s] or missed information on their end" (Doc. 25, p. 3). To the contrary, the law judge found that the child had severe impairments of clubfoot, asthma, and speech and language disorder.

The plaintiff also complains that the law judge did not obtain all of the medical records. The absence of some records was discussed at the second administrative hearing, and any consent forms were obtained from the plaintiff to obtain those additional records (see Tr. 46–50, 78). The law judge stated that the plaintiff submitted additional evidence after the hearing, and it had been added to the record (Tr. 14).

Notably, the plaintiff needs to establish a disability during the period between August 9, 2013, when the application was filed, and January 11, 2017, when the law judge's decision was rendered. The plaintiff has not identified any missing information that has a bearing on that period.

The law judge has a basic duty to develop a full and fair record. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). However, the burden of proving disability rests primarily with the plaintiff. See Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001); 20 C.F.R. 416.912(a). In this case, since the plaintiff has not identified any relevant evidence that is missing, she has failed to show a gap in the record.

Accordingly, for the foregoing reasons, it is

ORDERED:

That the decision of the Commissioner is hereby **AFFIRMED.** The Clerk shall enter judgment in accordance with this Order and **CLOSE**

this case.

DONE and ORDERED at Tampa, Florida, this 27th day of December, 2019.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE